UNITED STATES of America, Appellee,

v.

**Calvin HALE, Appellant.**

No. 90–2722.

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1991.

Decided Oct. 15, 1992.

---

Richard H. Sindel, Clayton, Mo., for appellant.

Raymond W. Gruender, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

Calvin Hale appeals his sentence for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii). Hale claims that the District Court[1] erred in enhancing his sentence for obstruction of justice for throwing cocaine and money out the window when the police arrived, and for his role as a leader of a criminal activity involving five or more participants. We affirm.

■ Hale argues that the obstruction-of-justice enhancement was improperly applied to him, since he threw the cocaine and money out the window to protect himself from what he thought was a robbery, and not to conceal evidence from the police. Therefore, he reasons, his conduct could not have been found to be willful, as is required under the Guidelines to apply the enhancement. The District Court did not believe Hale and found that because the police had knocked on the front door, announced themselves, and stated that they had a search warrant, Hale acted not to protect himself from a perceived robbery, but to obstruct justice. Thus, the enhancement was proper. The finding of improper intent is hardly clearly erroneous.

■ Hale's second argument is that the Court misapplied U.S.S.G. § 3B1.1(a) regarding his role as a leader by considering individuals involved in conduct collateral to the charged offense. He also claims that the Court violated his rights under the Confrontation Clause by relying on the hearsay statements of a confidential informant. In light of our recent decision in *United States v. Wise*, 976 F.2d 393 (8th Cir.1992) (en banc), rejecting an almost identical Sixth Amendment challenge by a defendant whose enhancement for being a leader under § 3B1.1(a) was based solely on the probation officer's hearsay testimony that others told him they were involved

---

1. The Hon. George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

with the defendant's counterfeiting scheme, Hale's claim must fail. The District Court did not violate Hale's right to confront the witnesses against him. Moreover, its determination that he was a leader of a criminal activity involving five or more participants is not clearly erroneous. There was evidence from which the District Court could properly infer that the four other participants were involved in the very offense of conviction, and not merely in collateral conduct.

The writer of this opinion dissented in *Wise*, which was filed only a few days ago. (This appeal was submitted the same week as *Wise*, and we have held it for decision pending the filing of the en banc opinion in that case.) This panel, including the writer, is bound by *Wise*. A panel of this Court may not deviate from the authority even of a prior panel opinion, much less from an opinion of the Court en banc.

Affirmed.